IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEWIS OLIVER TATE,<br>    ID # 017700627,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 3:15-CV-1722-D-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005), requests to proceed *in forma pauperis* on appeal are automatically referred. Before the Court is the petitioner's application to proceed *in forma pauperis* on appeal and a certificate of inmate trust account, received July 16, 2018 (doc. 29). Based on the relevant findings and applicable law, the application to proceed *in forma pauperis* on appeal should be **DENIED**.

**I. NOTICE OF APPEAL**

Lewis Oliver Tate (Petitioner) filed a habeas petition under 28 U.S.C. § 2254 that was denied by judgment entered on August 31, 2017. (*See* doc. 24.) He filed a notice of appeal, signed on June 13, 2018. (*See* doc. 28.) Petitioner's notice of appeal from the judgment was due thirty days after the entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(A). The thirtieth day was Saturday September 30, 2017, and the notice of appeal was due on Monday October 2, 2017. *See* Fed. R. App. P. 26(a)(1)(C) (if the last day for filing is a Saturday, Sunday, or legal holiday, the filing period continues to run through the first day that is not a Saturday, Sunday, or legal holiday). The notice

of appeal, deemed filed on June 12, 2018,[1] is untimely. The time to appeal may be extended up to thirty days if a party moves for an extension of time within thirty days after the time to appeal expires and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Because the notice of appeal was not filed within thirty days after the notice of appeal was due, it is not construed as a motion for extension of time to file the notice of appeal.

## II. *IN FORMA PAUPERIS* ON APPEAL

Because Petitioner's notice of appeal is untimely, the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). *See Evans v. Sims*, 534 Fed. App'x 228 (5th Cir. 2013) (per curiam). His request to proceed *in forma pauperis* on appeal should be denied.

**If the Court denies the request to proceed *in forma pauperis* on appeal, Petitioner may challenge the denial by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days after service of the notice required by Fed. R. App. P. 24(a)(4). *See* Fed. R. App. P. 24(a)(5).**

## III. RECOMMENDATION

Petitioner's application to proceed *in forma pauperis* on appeal should be **DENIED**.

**SIGNED on this 18th day of July, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE